68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Torrence HOLTON, Defendant-Appellant.
 No. 95-5233.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 8, 1995.
Decided: Oct. 10, 1995.
 
 Charles G. Aschmann, Jr., ASCHMANN & ASCHMANN, Alexandria, Virginia, for Appellant.
 Helen F. Fahey, United States Attorney, Thomas A. Colthurst, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before MURNAGHAN, WILKINSON and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Torrence Holton, a maximum security inmate at Lorton Reformatory, appeals from his conviction and sentence for possession of marijuana with intent to distribute, 18 U.S.C. Sec. 841(a)(1) (1988), and prisoner possession of marijuana, Va.Code Ann. Sec. 53.1-203(6) (Michie 1994), as assimilated under 18 U.S.C.A. Sec. 13 (West Supp.1995). Finding no error, we affirm.
 
 
 2
 Evidence at trial established that a correctional officer found twelve small packets of marijuana in a roll of toilet paper during a "shakedown" search of Holton's cell. Although Holton asked the officer not to report what she had found, she turned the evidence over to her supervisor. Another Lorton correctional officer testified that the packaging of the small "hits" of marijuana was consistent with the drug trade amongst the inmates.
 
 
 3
 During voir dire, defense counsel proposed asking the venire whether they could presume Holton innocent and try him impartially even though he was imprisoned for a violent crime. The court declined to ask this question but asked the venire whether any members or their immediate family were employed in law enforcement. The court also asked whether members of the venire held an opinion about Lorton which would prevent them from rendering an impartial verdict. Finally, the court inquired whether any other reason would prevent the venire from acting with fairness and impartiality.
 
 
 4
 On appeal, Holton challenges the sufficiency of the evidence supporting his conviction. He asserts that the denial of the proposed voir dire question and other rulings of the trial court denied him a fair trial. He also contends that the sentencing court improperly denied his motion for a downward departure due to the small amount of marijuana found.
 
 
 5
 Holton's sufficiency of the evidence claim rests on the fact that there was conflicting testimony at trial. A correctional officer testified that she found the marijuana in Holton's cell. Holton and two other inmates insisted that the officer was handing Holton a toilet paper roll taken from another cell when she discovered that it contained the drugs.
 
 
 6
 Appellant concedes that "[s]imply put, the issue here came down to whether what the convicts said was true, or whether what the corrections officers said was true." Thus, Holton seeks to call into question the jury's credibility determinations, which are not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Issues of credibility aside, we find the physical evidence and the testimony of prosecution witnesses sufficient for a reasonable jury to find Holton guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 Appellant next maintains that the omission of his proposed question at voir dire prejudiced his case. Ordinarily, we review challenged voir dire proceedings for abuse of discretion. Rosales-Lopez v. United States, 451 U.S. 182, 188-89 (1981). Because Holton failed to object contemporaneously, we review only for plain error. United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993).
 
 
 8
 Although the trial court did not pose the exact question sought by the defense, its inquiry probed the venire's involvement with law enforcement, preconceptions of Lorton, and inability for any reason to render a fair and impartial verdict. Moreover, the court instructed the jury at trial that the testimony of correctional officers was not to be accorded special weight. We find that the trial court adequately addressed the concerns of the defense and committed no error.
 
 
 9
 Appellant also claims without elaboration that "[t]he record is replete with court rulings which limit the defendant's examination rights, both cross and direct, and deny his objection which compounds his above-stated difficulties." A review of the record reveals that the court's rulings involved the proper exercise of its discretion in the area of evidentiary rulings. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3640 (1994). Lacking a specific assignment of error, we find this claim meritless.
 
 
 10
 Holton's remaining claim is that the sentencing court failed to grant a downward departure due to the small amount of marijuana found in his cell. The court's refusal to grant a downward departure is not reviewable absent an indication that the district court mistakenly believed it lacked the discretion to so depart. United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir.1992). The record reflects that the district court considered counsel's argument for a departure and was unpersuaded, leaving no basis for appeal.
 
 
 11
 We affirm Appellant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED